**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Christopher Grayer, Appellant.

Appellate Case No. 2020-000556

———————

Appeal From Charleston County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-133
Submitted March 1, 2023 – Filed April 5, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Assistant Attorney General Julianna E. Battenfield, all of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

———————

**PER CURIAM:** Brandon C. Grayer appeals his convictions for murder, attempted murder, and possession of a weapon during the commission of a violent crime, and his aggregate sentence of thirty-five years' imprisonment. On appeal, Grayer argues the trial court erred in limiting the scope of the cross-examination of two co-conspirators regarding the potential sentences they faced for their murder charges. We affirm pursuant to Rule 220(b), SCACR.

We find the trial court erred in preventing Grayer from cross-examining the co-conspirators regarding the possible penalties they faced, but the error was harmless, in light of the other evidence presented and the other opportunities given to Grayer to demonstrate the co-conspirators' bias. *See State v. Gracely*, 399 S.C. 363, 371, 731 S.E.2d 880, 884 (2012) ("This Court will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion."); *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Gracely*, 399 S.C. at 372, 731 S.E.2d at 885 ("The Confrontation Clause guarantees a defendant the opportunity to cross-examine a witness concerning bias."); *id.* at 372, 731 S.E.2d at 885 ("A defendant demonstrates a Confrontation Clause violation when he is prohibited from 'engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias . . . from which jurors . . . could draw inferences relating to the reliability of the witness.'" (quoting *State v. Stokes*, 381 S.C. 390, 401-02, 673 S.E.2d 434, 439 (2009))); *id.* at 374-75, 731 S.E.2d at 886 (concluding that "[t]he fact that a cooperating witness avoided *a mandatory minimum* sentence is critical information that a defendant must be allowed to present to the jury"); *id.* at 375, 731 S.E.2d at 886 ("A violation of the Confrontation Clause is not per se reversible but is subject to a harmless error analysis."); *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (explaining that whether Confrontation Clause error is harmless in a particular case depends upon a host of factors "including the importance of the witness' testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting testimony on material points, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case"); *State v. Whatley*, 407 S.C. 460, 469-71, 756 S.E.2d 393, 397-98 (Ct. App. 2014) (holding the trial court's error in preventing cross-examination of a witness as to their mandatory minimum sentence for charges pending at the time of trial was harmless where the defendant had ample opportunity to otherwise demonstrate the witness's bias, testimony of another witness established the same material facts, and the

witness's testimony did not contradict that of another witness on any essential point).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.